UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

NAVIENT SOLUTIONS, LLC and NAVIENT
CREDIT FINANCE CORPORATION,

                Appellants,

           -against-

HILAL K. HOMAIDAN and REEHAM YOUSSEF,
on behalf of themselves and all
others similarly situated,

                Appellees.

-------------------------------------x

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------x

HILAL K. HOMAIDAN and REEHAM
YOUSSEF, on behalf of themselves and
all others similarly situated,

                Plaintiffs,

           -against-

SALLIE MAE, INC., NAVIENT
SOLUTIONS, LLC, and NAVIENT CREDIT
FINANCE CORPORATION,

                Defendants.

-------------------------------------x

**MEMORANDUM & ORDER**
22-CV-6316(EK)

Adversary Proceeding
No. 17-AP-1085(ESS)

ERIC KOMITEE, United States District Judge:

      Navient Solutions, LLC and Navient Credit Finance

Corporation ("Navient"), defendants in an adversary proceeding

in the Bankruptcy Court for the Eastern District of New York,

appeal Judge Elizabeth Stong's recent decision granting a

preliminary injunction (the "Preliminary Injunction") against

them.  This Court previously denied Navient's request for leave

to appeal a temporary restraining order ("TRO") issued against

them.  For the reasons set out below, Navient is not entitled to

appeal the Preliminary Injunction order as of right, and its

motion for leave to appeal is denied, as is its petition for a

writ of mandamus.  The appeal is therefore dismissed.[1]

## I.  Background

### A.  Selected Facts

The detailed facts of this case are set out in the

Bankruptcy Court's decision granting the Preliminary Injunction

("PI Decision"), ECF No. 1-2; familiarity with that document is

assumed.  As relevant here: Navient services education loans.

Congress has made certain kinds of education loans non-

dischargeable in bankruptcy.  A "private" education loan like

the ones at issue here — *i.e.*, a loan that is not guaranteed by

the federal government — is a non-dischargeable "qualified

education loan" only if it was incurred "solely to pay qualified

higher education expenses," which are defined as the "cost of

attendance . . . at an eligible educational institution" (with

---

[1] Because this order dismisses the appeal, I do not consider the merits
of Navient's motion for stay pending appeal.

certain adjustments, such as for scholarships).  26 U.S.C.
§ 221(d)(1), (2).  When making such loans, Navient did not,
apparently, endeavor to verify that the loan amount did not
exceed the cost of attendance; instead, it obtained — and
allegedly relied on — the borrowers' representations to that
effect.  *See* Appellants' Mot. for Leave to Appeal & Alternative
Pet. for Mandamus ("Navient Mot.") 8-9, No. 22-MC-3214, ECF No.
1.

Appellees Hilal Homaidan and Reeham Youssef filed for
Chapter 7 bankruptcy protection in 2008 and 2013, respectively;
they each obtained orders discharging their pre-petition debts.
PI Decision 3-4; Am. Compl. ¶¶ 45, 58, *Homaidan v. Sallie Mae,
Inc.*, No. 17-AP-1085 (Bankr. E.D.N.Y. Oct. 21, 2019), ECF No.
160.  According to Navient, those orders noted only that "the
debtor is granted a discharge," without specifying which debts
(including loans) were covered.  Navient Mot. 9.  After Navient
continued to seek payment of their education loans, Homaidan and
Youssef moved to reopen their Chapter 7 proceedings and
commenced an adversary proceeding, on behalf of a putative
class, against Navient.[2]  *See* Homaidan's Mot. to Reopen Chapter 7

---

[2] Both Homaidan and Youssef held education loans owed to Sallie Mae,
Inc., the other remaining defendant in the adversary proceeding.  PI Decision
3, 5.  Sallie Mae, Inc. is "the entity now known as Navient Solutions, LLC."
Answer ¶ 6, *Homaidan v. Sallie Mae, Inc.*, No. 17-AP-1085 (Bankr. E.D.N.Y.
Nov. 21, 2019), ECF No. 162.

Proceeding, *In re Hilal Homaidan*, No. 08-48275, (Bankr. E.D.N.Y. Apr. 14, 2017), ECF No. 28; Am. Compl. ¶ 2.

In that adversary proceeding — from which this putative appeal comes — Appellees seek a declaratory judgment, injunctive relief, and damages for Navient's alleged violations of the discharge injunctions.  They allege that Navient has continued to seek to collect private education loan debts, despite knowing that such debts were discharged.  Am. Compl. ¶¶ 46-52, 59-62.  Those private loans fell within the discharge orders, Appellees contend, because they *were* dischargeable: they either were not made solely for, or they exceeded, the "cost of attendance" and therefore are not qualified education loans under 11 U.S.C. § 523(a)(8)(B) (which are non-dischargeable). Am. Compl. ¶¶ 41, 55.

## B.    Procedural Background

Appellees initially moved for a preliminary injunction before the Bankruptcy Court in December 2019.  That motion was still pending when Appellees moved for a TRO in April 2022. After briefing and argument, the Bankruptcy Court entered a TRO on July 8, 2022.  TRO, No. 17-AP-1085 (Bankr. E.D.N.Y. July 8, 2022), ECF No. 342.  The TRO, which went into effect on September 6, restrained Navient "from taking any acts to collect on Tuition Answer Loans held by the Plaintiffs and the Putative Class Members, as the class is described in the Amended

Complaint, that exceed the cost of attendance as defined by Internal Revenue Code § 221(d), and that have an outstanding balance subject to collection." *Id*. at 4–5.  Navient sought leave to appeal the TRO, which I denied.  *See Navient Sols., LLC v. Homaidan*, No. 22-CV-4398 (E.D.N.Y. Sept. 6, 2022), ECF No. 9. The Bankruptcy Court extended the TRO, with Navient's consent, through October 14, 2022.  No. 17-AP-1085, ECF No. 399.

In the meantime, the Bankruptcy Court called for supplemental briefing and held argument on Appellees' motion for a preliminary injunction.  On October 17, Judge Stong entered the Preliminary Injunction, effective immediately, enjoining Navient on the same terms specified in the TRO, pending further order of that court.  Preliminary Injunction 7, ECF No. 1-1. Navient timely sought leave for this appeal; Appellees oppose such leave.  Navient also asked the Bankruptcy Court to stay the Preliminary Injunction pending appeal; Judge Stong denied that motion on November 2.

Appellees' motions for class certification and summary judgment remain pending before the Bankruptcy Court.

## II.  Discussion

The parties disagree (again) whether Navient's appeal comes as a matter of right or requires leave of the Court.  I conclude that leave to appeal is required under 28 U.S.C. § 158(a), and for the reasons below, deny such leave.

**A.    Leave of the Court Is Required Under Section 158(a)**

Section 158 vests the district courts with jurisdiction to hear appeals in bankruptcy cases.  In doing so, it appears to craft a rigid binary between "final" orders, on the one hand, and "interlocutory" orders, on the other.  Under Section 158(a)(1), a district court has jurisdiction to hear bankruptcy appeals from "final judgments, orders, and decrees of bankruptcy judges entered in [bankruptcy] cases and proceedings."  Section 158(a)(3) provides for appeals of "interlocutory orders" only "with leave of the court."  Section 158 does not mention preliminary injunctions by name.

Navient advances two arguments why its appeal should be heard as of right: First, Navient asserts, the Preliminary Injunction is effectively a "final" order that warrants appellate review under Section 158(a)(1).  Navient Mot. 4–6.  Alternatively, Navient argues that Section 158(c)(2) directs the Court to follow the rule set out in 28 U.S.C. § 1292(a)(1), which establishes appellate jurisdiction as of right over preliminary injunctions.  *Id.* at 6–7.  Neither argument, however, carries the day.

1.    The Preliminary Injunction Is Not a Final Order Under Section 158(a)(1)

"I[n] the bankruptcy context, the standard for finality is more flexible than in other civil litigation."

*Liquidators of Lehman Bros. Austl. Ltd v. Lehman Bros. Special Financing Inc. (In re Lehman Bros. Holdings Inc.)*, 697 F.3d 74, 77 (2d Cir. 2012) (per curiam).[3]  Unlike a typical civil case, a "bankruptcy case involves an aggregation of individual controversies," or "proceeding[s]."  *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015); *see Ritzen Grp. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586–87 (2020) (noting that bankruptcy courts often "resolve discrete controversies definitively while the umbrella bankruptcy case remains pending").  Bankruptcy orders therefore "qualify as 'final' when they definitively dispose of discrete disputes" — or "procedural unit[s]" — "within the overarching bankruptcy case."  *Ritzen*, 140 S. Ct. at 586; *see* 28 U.S.C. § 158(a) (directing appeals as of right for final orders in "proceedings" as well as "cases").  The key question, then, is what constitutes a "procedural unit," such that its resolution is final.  *Ritzen*, 140 S. Ct. at 591 ("Section 158(a) asks whether the order in question terminates a procedural unit separate from the remaining case . . . .").

        The Second Circuit has opined that some injunctions, even if labeled "preliminary," may be "analogous to a permanent injunction" and therefore final and appealable as of right under

---

        [3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Section 158.  *See Lomas Fin. Corp. v. N. Tr. Co. (In re Lomas Fin. Corp.)*, 932 F.2d 147, 151 (2d Cir. 1991).  This may be the case when the bankruptcy court "contemplates no further hearing" or trial on the substance of the injunction — in other words, that the bankruptcy court intends the decree to remain "effective until conclusion of the reorganization proceedings." *Id.*; *see also Shugrue v. Air Line Pilots Ass'n, Int'l* (*In re Ionosphere Clubs, Inc.*), 139 B.R. 772, 778 (S.D.N.Y. 1992) (construing "preliminary" injunctions as final and thus appealable as of right because the bankruptcy court "intended . . . no further hearing" on their merits).

        The Preliminary Injunction at issue here does not satisfy even this "more flexible" standard of finality.  The Bankruptcy Court's order does not involve an independent "procedural unit": It is part and parcel of an ongoing adversary proceeding, in which the parties are litigating the same questions that were at issue in connection with the injunction — namely, Navient's efforts to collect on student loan debt that has allegedly been discharged in bankruptcy.  *See* PI Decision 69 (concluding that Plaintiffs "have shown a likelihood of success on the merits of their discharge violation claims against Navient"); *see also id.* at 54–69.  Indeed, the standard that courts use to evaluate requests for preliminary injunctions itself suggests nonfinality.  It should go without saying that a

finding that a party has demonstrated "a likelihood of success on the merits," *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010), does not mean that the party has already succeeded on the merits (or definitely will). *See Home It, Inc. v. Wen*, No. 19-CV-7070, 2020 WL 353098, at *5 (E.D.N.Y. Jan. 21, 2020) ("[A] plaintiff need not show that success is an absolute certainty. He need only make a showing that the probability of his prevailing is better than fifty percent.").

As the litigation continues, the Bankruptcy Court will necessarily revisit the merits and appropriate parameters of the Preliminary Injunction — including by ruling on the issues presented in Appellees' motions for class certification and summary judgment, both of which remain pending. *See, e.g.*, *Dynegy Marketing & Trade v. Enron Corp.* (*In re Enron Corp.*), 316 B.R. 767, 770 (S.D.N.Y. 2004) (order enjoining enforcement of netting agreement was interlocutory because it was "unimaginable" that the bankruptcy judge would not "revisit" the issue). Rather than "definitively dispos[ing] of [a] discrete dispute," *Ritzen*, 140 S. Ct. at 586, the Preliminary Injunction leaves open — for further evidence, deliberation, and final resolution — the underlying merits of Appellees' claims. *See* Decision on Navient's Mot. for Stay Pending Appeal 34, No. 17-AP-1085, ECF No. 425 ("[T]he determination of the Plaintiffs' claims on the merits . . . remain[s] to be determined.").

The Preliminary Injunction is thus a "non-final" interlocutory order.

    2.    Section 158(c)(2) Does Not Provide for Appeal as of Right Under Section 1292(a)

Alternatively, Navient asserts that Section 158(c)(2) directs the Court to take the appeal as of right under 28 U.S.C. § 1292(a)(1).  Navient Mot. 6–7.  Section 158(c)(2) provides that an appeal under Section 158(a) "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts."  The interlocutory appeal of civil matters from district courts to courts of appeal is governed by 28 U.S.C. § 1292; that statute, in turn, provides for appellate review as of right over "interlocutory orders" "granting . . . injunctions."  *Id.* § 1292(a)(1).  According to Navient, Sections 158(c)(2) and 1292(a), read together, thus require this Court to hear an appeal of the Preliminary Injunction.  Several courts have endorsed this reading.  *See, e.g.*, *Reliance Acceptance Grp. v. Levin (In re Reliance Acceptance Grp., Inc.)*, 235 B.R. 548, 553 (D. Del. 1999); *see also Professional Ins. Mgmt. v. Ohio Casualty Grp. of Ins. Cos. (In re Pro. Ins. Mgmt.)*, 285 F.3d 268, 282 n.16 (3d Cir. 2002) (noting "that the District Court, sitting as an appellate court, was authorized to hear the appeal

from the Bankruptcy Court as an appealable injunctive order under 28 U.S.C. § 1292(a)").

There is, however, a more straightforward reading of Section 158.  By its plain language, Section 158(a) sets out the "conditions under which an order of the bankruptcy court is" — or is not — "appealable as of right."  *Quigley Co. v. Coleman (In re Quigley Co., Inc.)*, 323 B.R. 70, 76 (S.D.N.Y. 2005).  The statute recognizes "only two types" of orders, as noted above: "final" orders and interlocutory orders issued under 11 U.S.C. § 1121(d), which are appealable as of right under Section 158(a)(1) and (2); and "other interlocutory orders," which are appealable only "with leave of the court" under Section 158(a)(3).  *Id.*  Section 158, unlike Section 1292, does not identify any subcategory of interlocutory order — apart from a narrow one in Section 158(a)(2), which is not applicable here — that is appealable as of right.  Appeals of preliminary injunctions, as with other interlocutory orders, therefore require leave of the court under Section 158(a)(3).  *See* 16 Charles A. Wright & Arthur T. Miller, *Federal Practice and Procedure* § 3926.1 (3d ed. 2017) ("There is no provision for appeal as of right from an injunction order of a bankruptcy judge to the district court . . . .").

Courts in the Second Circuit have consistently applied this approach to require leave to appeal preliminary

injunctions entered by bankruptcy courts.  The Court of Appeals itself suggested this approach in *Gibson v. Kassover (In re Kassover)*, writing that "Congress has expressly vested *discretion* in district courts to decline to hear the appeal" of a bankruptcy court's preliminary injunction, and that the district court "lawfully declined to hear the merits" of that appeal.  343 F.3d 91, 95 (2d Cir. 2003) (emphasis added). District courts have followed suit, often relying on *Quigley's* reasoning.  *See, e.g.*, *Amusement Indus., Inc. v. Citigroup Glob. Mkts. Realty Corp. (In re First Republic Grp. Realty, LLC)*, No. M47, 2010 WL 882986, at *1 (S.D.N.Y. Mar. 2, 2010); *Carter v. Travelers Indem. Co. (In re Johns-Manville Corp.)*, 2004 WL 385118, at *1 (S.D.N.Y. Mar. 2, 2004) ("[Section 158] does not vest the district courts with . . . jurisdiction to entertain appeals from preliminary injunctions issued by bankruptcy courts, except where the appellant first obtains leave from the appropriate district court."); *MF Glob. Holdings Ltd. v. Allied World Assurance Co.*, No. 17-CV-742, 2017 WL 2819870, at *4 (S.D.N.Y. June 29, 2017) (preliminary injunction analyzed as interlocutory order requiring leave); *Back v. LTV Corp. (In re Chateaugay Corp.)*, 213 B.R. 633, 636 (S.D.N.Y. 1997)

(preliminary injunction enjoining state court action against successors analyzed as interlocutory order requiring leave).[4]

Navient's proposed interpretation, by contrast, turns Section 158 on its head.  It requires the Court to bypass the finality condition in Section 158(a) and skip to Section 158(c)(2), which Navient says points to Section 1292(a).  Such an approach effectively ignores the limits of jurisdiction set out in Section 158(a).  As the *Quigley* court reasoned, "[i]t would make little sense for the bankruptcy appeal statute to group preliminary injunctions with other interlocutory orders but intend for 'leave to appeal' these injunctions to be granted as of right simply because Section 1292 treats interlocutory injunctions differently from other interlocutory orders."  323 B.R. at 76–77.[5]

---

[4] Although few courts of appeals seem to have directly addressed this question, numerous courts outside the Second Circuit have also adopted *Quigley*'s plain-language reading of Section 158.  *See, e.g.*, *In re Rodriguez*, Nos. NV-19-1081, NV-19-1082, 2020 WL 710563, at *4 (B.A.P. 9th Cir. Feb. 7, 2020); *In re Highland Cap. Mgmt., LP*, No. 3:21-CV-0132, 2021 WL 3772690, at *1-2 (N.D. Tex. Feb. 11, 2021) (noting open issue in the Fifth Circuit before concluding that "any interlocutory appeal under section 158(a) requires leave of the district court"); *In re Goldberg*, No. 16 C 6993, 2016 WL 6070364, at *3 (N.D. Ill. Oct. 17, 2016) (noting open issue in the Seventh Circuit before endorsing this "plain language approach"); *see also First Owners' Ass'n of Forty Six Hundred v. Gordon Props., LLC*, 470 B.R. 364, 372 (Bankr. E.D. Va. 2012) ("[O]ther authority, and the plain language of § 158(a), persuasively suggest that all interlocutory orders, including injunctions, may only be appealed with leave of court."); *In re Alcor Energy, LLC*, No. AP 19-50097, 2019 WL 6716420, at *4 (D. Del. Dec. 10, 2019).

[5] It is, of course, theoretically possible (though highly unlikely) that Congress simply overlooked the issue of preliminary injunctions when legislating Section 158(a)'s dichotomy.  The policy argument that Navient advances – that "the rulings of a non-Article III bankruptcy court should not be more insulated from appellate review than the rulings of an Article III

For these reasons, Navient requires leave of the court to bring the instant appeal.

## B.   Leave to Appeal Is Not Warranted

"While neither Section 158 nor the Bankruptcy Rules provides guidelines for determining whether a district court should grant leave to appeal, most district courts in the Second Circuit have applied the analogous standard for certifying an interlocutory appeal from a district court order, set forth in 28 U.S.C. § 1292(b)." *Gordon v. Gazes (In re 22 Fiske Place, LLC)*, No. 21-CV-8087, 2022 WL 2819093, at *6 n.9 (S.D.N.Y. July 18, 2022); *see also Osuji v. U.S. Bank, Nat'l Ass'n*, 285 F. Supp. 3d 554, 557 (E.D.N.Y. 2018) ("It is well settled that the relevant standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from United States District Courts to the United States Courts of Appeals, governs such [bankruptcy] appeals.").[6]

---

district court" – might lend some support to this possibility. *See* Navient Mot. 14 (collecting cases). But even if that were the case, district courts would rightly refrain from contorting the statute to correct that perceived oversight. "If Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent. It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think is the preferred result." *Lamie v. United States Trustee*, 540 U.S. 526, 542 (2004).

[6] To the extent that courts reach the requirements of Section 1292(b) by following Section 158(c)(2)'s directive that bankruptcy appeals "be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts," such an approach comports with the plain-language reading of Section 158(a) endorsed above. Here, "in the same manner" is best read to direct district courts to the *procedural* requirements for an interlocutory appeal under Section 1292(b), rather than

Interlocutory appeals are "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Berm. Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). "[O]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 25 (2d Cir. 1990).

Granting an interlocutory appeal, therefore, is appropriate only when (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *see also Thaler v. Estate of Vincent J. Arbore (In re Poseidon Pool & Spa Recreational, Inc.)*, 443 B.R. 271, 275 (E.D.N.Y. 2010) ("[A]ll three requirements set forth in section 1292(b) must be met for a Court to grant leave to appeal.").  Importantly, the "moving party has the burden of establishing all three elements." *Credit One Fin. v. Anderson (In re Anderson)*, 550 B.R. 228, 234 (S.D.N.Y. 2016).  And "[e]ven when the statutory criteria are

---

to create a substantive right to appeal under Section 1292(a)(1).  In other words, the phrase is more "procedural" than "substantive" in nature.  *See, e.g., Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 545 (2012) (holding the statute's command to collect a penalty "in the same manner" as taxes meant applying the "same methodology and procedures" used to collect taxes).

met, district court judges have broad discretion to deny
certification." *Id.*

Although Navient presents numerous questions on
appeal, its leave-to-appeal briefing focuses primarily on one:
the Bankruptcy Court's jurisdiction to enter a nationwide
injunction to enforce discharge injunctions entered by
bankruptcy courts outside this District.  This argument likely
involves a controlling question of law because the Court's
determination of this issue could "materially affect the outcome
of the litigation." *Futter v. Duffy (In re Futter Lumber
Corp.)*, 473 B.R. 20, 27 (E.D.N.Y. 2012).  Specifically, "[i]f
the Court were to hold that the Bankruptcy Court does not have
jurisdiction to enforce discharge orders of other bankruptcy
courts, the scope of the litigation would drastically decrease,
and the resolution of what is a large, complex case would become
significantly more efficient." *In re Anderson*, 550 B.R. at 238.

And one need look no further than the pending appeal
in *Bruce v. Citigroup, Inc.*, No. 22-1000 (2d Cir.), to conclude
that a "substantial ground for difference of opinion" exists
over this question.  *See Capitol Records, LLC v. Vimeo, LLC*, 972
F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (finding the requirement
met when "the issue is particularly difficult and of first
impression for the Second Circuit").  At present, "there is no
controlling Second Circuit (or Supreme Court) authority on the

question whether the Bankruptcy Court has power [under 11 U.S.C.
§ 105] to adjudicate contempt claims based on the violation of
other courts' discharge orders." *Citigroup Inc. v. Bruce (In re
Bruce)*, No. 21-CV-7455, 2021 WL 6111925, at *5 (S.D.N.Y. Dec.
27, 2021) (examining case law within the Second Circuit —
including authority relied on by Judge Stong and Appellees here
— and certifying the bankruptcy court's order in that case for
direct appeal based on this "open" question); *see Belton v. GE
Cap. Retail Bank (In re Belton)*, 961 F.3d 612, 617 (2d Cir.
2020) ("[W]e have not endeavored to address whether a nationwide
class action is a permissible vehicle for adjudicating thousands
of contempt proceedings."). Appellees do not seriously contend
otherwise. *See* Appellees' Opp. to Mot. for Leave to Appeal 14,
ECF No. 7 (conceding that "the national class issue will be
resolved by the Second Circuit").[7]

Leave to appeal is not justified, however, because
Navient again fails to demonstrate how an immediate decision
would "materially advance the ultimate *termination* of the
litigation." 28 U.S.C. § 1292(b) (emphasis added). The
resolution of the question on appeal must "promise[] to advance

_____

[7] Indeed, there is a substantial legal controversy over the authority of
any single federal judge to issue a nationwide injunction, even outside of
the bankruptcy context. *See, e.g.*, *DHS v. New York*, 140 S. Ct. 599, 601
(2020) (Gorsuch, J., concurring) (suggesting that the Supreme Court "at an
appropriate juncture take up some of the underlying equitable and
constitutional questions raised by the rise of nationwide injunctions").

the time for trial or to shorten the time required for trial."
*Osuji*, 285 F. Supp. 3d at 558.  Although "closely connected,"
this third requirement is "technically" still "distinct" from
whether there is a controlling issue of law.  *Primavera
Familienstifung v. Askin,* 139 F. Supp. 2d 567, 570 (S.D.N.Y.
2001).  And for good reason: if a question involving a
controlling issue of law always advanced the ultimate
termination of the case, the two elements would effectively
collapse into a single inquiry.  *See In re Brookhaven Nat'l
Lab'y Trichloroethylene Cases*, 514 F. Supp. 3d 546, 551
(E.D.N.Y. 2021) (noting the need to "avoid conflating" the two
prongs).  Ultimately, "[t]he critical requirement is that an
interlocutory appeal have the potential for substantially
accelerating the disposition of the litigation."  *Barbella v.
Pergament*, No. 16-MC-1221, 2018 WL 317778, at *4 (E.D.N.Y. Jan.
8, 2018) (quoting *Chem. Bank v. Slaner (In re Duplan Corp.)*, 591
F.2d 139, 148 n.11 (2d Cir. 1978)).

     As with their request for leave to appeal the TRO,
Navient does not explain, in any meaningful way, how appellate
review here would "substantially accelerat[e]" the path to a
trial or other disposition.  An expedited opinion from this
Court on the issue underlying *Bruce* would not "resolve" — at
least not completely — "any of the issues remaining before the
bankruptcy court."  *See In re First Republic*, 2010 WL 882986, at

*2 (denying leave to appeal bankruptcy court's denial of preliminary injunction where a favorable decision "would not bring the bankruptcy court any closer to concluding the litigation"); *see also In re Johns-Manville Corp.*, 2004 WL 385118, at *2 ("[B]ecause the bankruptcy court [would] soon decide whether to make the injunction at issue here permanent — an order that, if granted, would be appealable as of right under 28 U.S.C. § 158(a)(1) — it would in no way materially advance the ultimate termination of the litigation for this Court to attempt to resolve the issues.").

Even if — hypothetically speaking — I were to determine that bankruptcy courts lack the power to police the discharge orders issued by other districts, this litigation would continue apace as to debtors who received discharge orders in this district.  Those debtors could still seek (and indeed, some have already sought) summary judgment, class certification, and any other relief currently available in the bankruptcy court.  The timeline to trial and an ultimate disposition, accordingly, would not be meaningfully accelerated.  *See In re Enron Corp.*, 316 B.R. at 771 (denying leave to appeal stay order where affirmance on appeal would "not expedite the litigation" and reversal was "likely to complicate" it).

Navient argues that courts regularly grant interlocutory appeals under Section 1292(b) where the appellants

bring jurisdictional challenges.  *See* Navient Mot. 16–17.  It is certainly true that a determination on appeal that the court lacks subject matter jurisdiction or personal jurisdiction may materially advance the termination of the litigation by, for example, disposing of the case altogether.  Appellants cannot, however, shortcut the analysis under Section 1292(b) simply by raising jurisdictional challenges.  Instead, courts still consider all three requirements, including whether the jurisdictional questions at issue will substantially accelerate the time to a trial or other disposition.  *See In re Chateaugay Corp.*, 213 B.R. at 636 (granting leave after Section 1292(b) analysis, including finding that appeal of bankruptcy court's jurisdiction to enjoin state action "may dispose of the case"); *Klinghoffer*, 921 F.2d at 24–25 (granting leave after Section 1292(b) analysis, including finding that appellate outcome of "no jurisdiction" over the defendant would "greatly assist the ultimate termination of the litigation").

        Navient, by contrast, has not persuasively explained how the jurisdictional challenge it raises satisfies this third requirement.  *See In re Anderson*, 550 B.R. at 234 (noting that appellant "has the burden of establishing all three elements").  And it does not dispute the Bankruptcy Court's jurisdiction to issue relief for, at the very least, a properly certified class within the Eastern District of New York.  *Cf. United States ex*

*rel. Mikes v. Straus*, 939 F. Supp. 301, 302 (S.D.N.Y. 1996)

(defendants' challenge to subject matter jurisdiction over some

claims, where there was "no dispute" as to court's jurisdiction

over other claims, "would do little to advance the ultimate

termination of this case").  For these reasons, I conclude that

Navient has failed to meet its burden of demonstrating that an

appeal on the nationwide injunction question, even if

successful, would materially advance the ultimate termination of

the case.[8]

C.    **Mandamus Review Is Denied**

          Mandamus review is a "drastic and extraordinary remedy

reserved for really extraordinary causes."  *SEC v. Rajaratnam*,

622 F.3d 159, 169 (2d Cir. 2010).  The remedy is available "only

to confine an inferior court to a lawful exercise of its

prescribed authority, or to compel it to exercise its authority

when it is its duty to do so."  *In re Austrian & German*

*Holocaust Litig.*, 250 F.3d 156, 162 (2d Cir. 2001); *see Orange*

*Cnty. Water Dist. v. Unocal Corp.*, 584 F.3d 43, 48 (2d Cir.

---

[8] Navient does not address how any of its other questions presented on
appeal justify leave to appeal.  Many of these questions, however, would fail
under the first prong, which requires appellants to present a "'pure'
question of law that the reviewing court could decide quickly and cleanly
without having to study the record."  *See In re Worldcom, Inc.*, No. M-47,
2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (denying leave to appeal
questions that involved "fact-specific inquir[ies], which must be made on a
case by case basis").  Navient also does not explain how these other
questions present a substantial ground for difference of opinion or, if
resolved, would materially advance the ultimate termination of the
litigation.

2009) ("Mere error, even gross error in a particular case, as distinguished from a calculated and repeated disregard of governing rules, does not suffice to support issuance of the writ."). Navient has not persuasively explained why it is entitled to this extraordinary remedy, and the Court will not grant it here.

### III.  Conclusion

For these reasons, Navient's motion for leave to appeal the Preliminary Injunction, or alternatively for mandamus review, is denied.  This appeal is dismissed.

SO ORDERED.


                                        /s/ Eric Komitee
                                     ERIC KOMITEE
                                     United States District Judge


Dated:      November 28, 2022
            Brooklyn, New York